**Gary D. DAWSON, Plaintiff,**

v.

**The CITY OF BARTLESVILLE, OKLA-HOMA, Chief Steven Brown, individually and in his official capacity, Robert E. Metzinger, individually and in his official capacity, and the Bartlesville Police Officers Association, Local 97, IUPA, AFL–CIO, Defendants.**

No. 95–C–234K.

United States District Court,
N.D. Oklahoma.

Oct. 20, 1995.

David L. Sobel, Holliman, Langholz Runnels & Dorwart, Tulsa, OK, Brad D. Fuller, Blaine G. Frizzell, Steve Chlouber, Gregg L. Graves, J. Scott Dickman, Fuller Graves & Dickman, Tulsa, OK, for plaintiff.

Kathy R. Neal, Rebecca M. Fowler, Lynn Paul Mattson, Doerner Saunders Daniel & Anderson, Tulsa, OK, for defendants City of Bartlesville et al.

George J. McCaffrey, Loren F. Gibson, McCaffrey & Tawwater, Oklahoma City, OK, for defendant Local 97 Bartlesville Police Officers Association, IUPA, AFL–CIO.

### ORDER

KERN, District Judge.

Before the Court is Plaintiff Gary D. Dawson's Motion to Disqualify Counsel for Defendants, or in the Alternative, to Declare an Absence of Conflict. Dawson asserts various causes of action, including a § 1983 action against the City of Bartlesville, Bartlesville Police Chief Steven Brown and Bartlesville City Manager Robert E. Metzinger. The present motion is to disqualify Lynn Paul Matson, Kathy R. Neal, Rebecca M. Fowler, and their law firm Doerner, Saunders, Daniel & Anderson ("Counsel") from representing the City of Bartlesville, Chief Steven Brown, and Robert E. Metzinger ("Defendants"). Dawson asserts that this Court should disqualify Counsel because of a conflict of interest in its representation of the Defendants. In the alternative, Dawson moves this Court to inquire into Defendants' representation by those attorneys and to determine that there is no conflict.

### DISCUSSION

Before reaching the merits of Dawson's motion, this Court must make a threshold determination of standing. Although standing is not raised by either party, this Court may raise, *sua sponte*, the question of whether Dawson has standing to bring this motion. *See Alexander v. Anheuser–Busch Companies*, 990 F.2d 536, 538 (10th Cir.1993) (noting that the issue of standing is jurisdictional in nature and must be determined at every stage of the proceeding). Dawson does not claim, as the basis for his motion to disqualify, that he is a former client of Counsel. *See In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 88 (5th Cir. 1976). Nor does Dawson claim that he has been or may be prejudiced by Counsel's alleged conflict of interest. Rather, Dawson moves to disqualify opposing counsel out of an apparent concern that Counsel has a conflict of interest in its representation of the three Defendants.

The official commentary accompanying the Oklahoma Rules of Professional Conduct ("the Rules") specifically cautions against this type of challenge.

> [T]he purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has *standing* to seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequence of violating such a duty.

5 O.S. Ch. 1, App. 3-A cmt. (emphasis added). The official comment accompanying Rule 1.7,[1] which governs conflicts of interest, contains the additional admonition that an objection by an opposing party to an alleged conflict "should be viewed with caution ... for it can be misused as a technique of harassment." 5 O.S. Ch. 1, App. 3-A cmt.

Hence, invocation of Rule 1.7 does not alone provide standing for an antagonist to seek to disqualify opposing counsel. There must be some other ground for third-party standing. The official comment to Rule 1.7 suggests one such ground: "[w]here the conflict is such as clearly to call in question the fair or efficient administration of justice." 5 O.S. Ch. 1, App. 3-A cmt. However, Dawson's allegations of potential conflict between Defendants' interests hardly rise to this lev-el; there is no evidence in the pleadings to indicate such a glaring conflict.[2] Some courts have established additional grounds for third-party standing in a conflict of interest challenge: where the interests of the public are greatly implicated, *Chapman Engineers v. Natural Gas Sales Co.,* 766 F.Supp. 949, 955 & n. 1 (D.Kan.1991), or where the alleged unethical conflict is "manifest and glaring" or "open and obvious," *In re Yarn Processing Patent Validity Litigation,* 530 F.2d 83, 89 (5th Cir.1976). Even if this Court were to adopt these alternative grounds, Dawson's allegations of potential conflict do not trigger these high thresholds for standing.

In some circuits there are virtually no barriers to third-party standing to seek disqualification of opposing counsel. These courts have reasoned that attorneys are authorized to report any ethical violations committed in a case; therefore, *any* member of the bar aware of facts justifying a disqualification of counsel has standing, indeed is obligated, to call the matter to the attention of the court. *Kevlik v. Goldstein,* 724 F.2d 844, 848 (1st Cir.1984); *United States v. Clarkson,* 567 F.2d 270, 271 n. 1 (4th Cir.1977) (citing *Estates Theatres v. Columbia Pictures Industries,* 345 F.Supp. 93, 98 (S.D.N.Y.1972)); *Brown & Williamson v. Daniel International,* 563 F.2d 671, 673 (5th Cir.1977). In effect, this rule provides standing to virtually *any* attorney to move for disqualification based on *any* asserted ethical violation. This broad grant of standing is contrary to the intent of the Oklahoma Rules,

---

1. Oklahoma Rule of Professional Conduct 1.7 (codified at 5 O.S. Ch. 1, App. 3-A) provides:
   (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
   (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
   (2) each client consents after consultation.
   (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
   (1) the lawyer reasonably believes the representation will not be adversely affected; and
   (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

2. Indeed, Rule 1.7 explicitly allows a lawyer to represent clients with conflicting interests, so long as the lawyer believes the representation will not be adversely affected and the clients consent after consultation, as at least two of the three codefendants in this case have done. *See* Metzinger Aff.; Brown Aff. At this preliminary stage of inquiry into standing, it is not proper for this Court to examine further Counsel's compliance with Rule 1.7; it is enough that this Court finds that there is no conflict that clearly calls in question the fair or efficient administration of justice.

as expressed in the official commentary. The official commentary repeatedly cautions against the invocation of the Rules by opposing parties and specifically states that the Rules do *not* automatically provide third-party standing to antagonists seeking enforcement of the Rules. This Court therefore declines to follow the First, Fourth and Fifth Circuits on this standing question.

In conclusion, this Court finds that Dawson has no standing to seek disqualification of Counsel, and his motion is therefore DENIED. Nevertheless, this Court retains the authority to raise and consider questions of conflict of interest when there is reason to infer that any lawyer in this case has neglected his or her responsibility to resolve those questions. *See* 5 O.S. Ch. 1, App. 3–A cmt.