NADEAN J. HAWKES, APPELLEE, V. KIRK C. LEWIS, M.D., APPELLEE, AND JEFFREY B. ITKIN, M.D., APPELLANT.

586 N.W. 2d 430

Filed October 30, 1998.    Nos. S-97-1075, S-97-1133.

Mark A. Christensen and Pamela K. Epp, of Cline, Williams, Wright, Johnson & Oldfather, for appellant.

Daniel G. Dolan for appellee Hawkes.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Appellee Nadean J. Hawkes is the plaintiff in a medical malpractice action against two physicians, appellant Jeffrey B. Itkin, M.D., and appellee Kirk C. Lewis, M.D. The case was previously before this court when Hawkes appealed from a jury verdict in favor of Lewis and a directed verdict in favor of Itkin. We reversed the judgment of the district court and remanded the cause for a new trial as to both defendants, finding that the district court erred in granting a directed verdict in favor of Itkin. *Hawkes v. Lewis,* 252 Neb. 178, 560 N.W.2d 844 (1997).

At the original trial, Lewis was represented by the law firm of Walentine, O'Toole, McQuillan & Gordon (hereinafter Walentine, O'Toole). Itkin was represented by Kennedy, Holland, DeLacy & Svoboda (hereinafter Kennedy, Holland). After the directed verdict was granted in favor of Itkin and at the close of Hawkes' case in chief, Lewis moved the trial court to allow Kennedy, Holland to remain in the case as cocounsel for Lewis. The motion was granted. Kennedy, Holland and

Walentine, O'Toole jointly represented Lewis during his defense case and closing arguments. On appeal, Lewis was represented by Walentine, O'Toole, while Itkin was represented by Kennedy, Holland. After remand, those firms continued to represent their respective clients. Itkin and Lewis both waived any conflict of interest that might be caused by Kennedy, Holland's representation of Itkin after that firm had represented Lewis.

Nonetheless, Hawkes moved to have Kennedy, Holland disqualified from representing Itkin, based on an alleged conflict of interest with Kennedy, Holland's former client and current codefendant, Lewis. The district court granted the motion, and Itkin timely appealed. This appeal raises the question whether Hawkes had standing to claim a conflict of interest, which did not directly implicate her interests, against an attorney of whom she was not a former client.

## FACTUAL BACKGROUND

Hawkes is the plaintiff in an underlying medical malpractice action against Lewis and Itkin in the district court. The facts of the underlying dispute are more fully set forth in this court's prior consideration of this case, *Hawkes v. Lewis, supra.* The initial trial in this case was held in March 1995.

In the initial trial, Lewis was represented by J. Joseph McQuillan of Walentine, O'Toole. Itkin was represented by William M. Lamson, Jr., of Kennedy, Holland. When Hawkes rested her case in chief in the initial trial, both Lewis and Itkin moved for directed verdicts, and the motion was sustained with respect to Itkin.

After the directed verdict in favor of Itkin, Lewis moved to allow Lamson to remain in the case as cocounsel for Lewis. Over objection, the trial court granted Lewis' request. Lamson and McQuillan represented Lewis as cocounsel for the remainder of the trial, including Hawkes' case in chief and the closing arguments. On appeal, Lewis continued to be represented by McQuillan and Walentine, O'Toole. Itkin, however, was represented by Lamson and Kennedy, Holland.

In *Hawkes v. Lewis, supra,* this court found that the directed verdict in favor of Itkin had been in error. This court reversed the judgment of the district court and remanded the cause for a

new trial as to both Lewis and Itkin. *Id.* The district court entered the mandate of this court on June 10, 1997.

On the same date, Hawkes filed a motion to disqualify Lamson and Kennedy, Holland from representing Itkin. Hawkes alleged that Lamson and Kennedy, Holland "should be disqualified from representing Dr. Itkin because they formed a conflicting attorney-client relationship with Dr. Lewis in a cause of action involving the same subject matter as the current litigation." Hawkes alleged that this violated Canon 5, DR 5-105(A) and DR 5-108(A), of the Code of Professional Responsibility.

At the hearing on Hawkes' motion, counsel for Lewis and Itkin presented sworn affidavits in which Lewis and Itkin each professed to waive any conflict of interest present in Lamson and Kennedy, Holland's representation of Itkin. Itkin stated that after the directed verdict in his favor at the first trial, "[t]he possibility of a conflict of interest was explained to me, and, although I did not believe such a conflict to exist, I agreed to waive any such conflict and consented to Mr. Lamson's representation of Dr. Lewis." Lewis also stated that he "was advised of a potential conflict of interest between Dr. Itkin and myself" and that "[a]lthough I did not believe then, and do not believe now, that any such conflict exists, I consented to waive any potential conflict of interest between Dr. Itkin and myself."

Nonetheless, on September 11, 1997, the district court granted Hawkes' motion and disqualified Lamson and Kennedy, Holland from representing Itkin. The court found that the waivers signed by Lewis and Itkin were ineffective because they referred to "potential" and "possible" conflicts of interest, when the district court determined that the conflict was "actual and real," and therefore, the affidavits did not show that the conflict was adequately explained. The court further found that

> even if Lewis and Itkin could give satisfactory waivers and consents such as to permit Lamson and Kennedy, Holland to represent Itkin, the series of events whereby Lamson and Kennedy, Holland have switched representation from Itkin to Lewis and back to Itkin creates an appearance of impropriety that justifies their removal.

On September 19, 1997, Itkin filed a motion asking the district court to reconsider its decision. On September 29, the dis-

trict court overruled this motion. On October 10, Itkin filed a timely notice of appeal from the initial disqualification order, and on October 29, Itkin filed a notice of appeal from the decision overruling the motion to reconsider. The two appeals have been consolidated for consideration by this court.

## ASSIGNMENTS OF ERROR

Itkin assigns that the trial court erred in (1) granting Hawkes' motion to disqualify because Hawkes did not have standing to raise the issue, (2) sustaining Hawkes' motion to disqualify, (3) finding that Itkin and Lewis had adverse interests, (4) finding that the waivers and consents given by Lewis and Itkin did not satisfy the requirements of DR 5-105(C) and DR 5-108(A) or (B), (5) finding that the appearance of impropriety in this case could not be overcome even by adequate waivers, and (6) overruling Itkin's motion to reconsider.

## SCOPE OF REVIEW

In an appeal from an order disqualifying counsel, an appellate court reviews the trial court's factual findings for clear error and ultimately makes its disqualification decision independent of the trial court's ruling. *Bechtold v. Gomez*, 254 Neb. 282, 576 N.W.2d 185 (1998); *Richardson v. Griffiths*, 251 Neb. 825, 560 N.W.2d 430 (1997).

Standing is a jurisdictional component of a party's case because only a party who has standing may invoke the jurisdiction of a court; determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court. *Rice v. Adam*, 254 Neb. 219, 575 N.W.2d 399 (1998).

## ANALYSIS

We note, as a preliminary matter, that there has been no final order entered by the trial court in this case and, therefore, that this is in essence an interlocutory appeal. If, however, an order of disqualification involves issues collateral to the basic controversy and if an appeal from a judgment would not be likely to protect the client's interests, interlocutory review is appropriate. *Richardson v. Griffiths, supra*. Obviously, this is one of those situations in which an appeal by Itkin after a judgment would

not adequately protect his interests, and we determine that the *Richardson* exception to the final order requirement has been met.

With that established, we next turn to the question of standing, because if Hawkes lacks standing to bring the disqualification motion, the district court was without power to act upon it. Standing relates to a court's power, that is, jurisdiction, to address the issues presented and serves to identify those disputes which are appropriately resolved through the judicial process. *Ponderosa Ridge LLC v. Banner County*, 250 Neb. 944, 554 N.W.2d 151 (1996); *State v. Baltimore*, 242 Neb. 562, 495 N.W.2d 921 (1993).

Because the requirement of standing is fundamental to a court's exercising jurisdiction, a litigant or court before which a case is pending can raise the question of standing at any time during the proceeding. *Id.* In order to have standing to invoke a tribunal's jurisdiction, one must have some legal or equitable right, title, or interest in the subject of the controversy. *Id.* The purpose of a standing inquiry is to determine whether one has a legally protectable interest or right in the controversy that would benefit by the relief to be granted. *Hall v. Progress Pig, Inc.*, 254 Neb. 150, 575 N.W.2d 369 (1998); *Metropolitan Utilities Dist. v. Twin Platte NRD*, 250 Neb. 442, 550 N.W.2d 907 (1996).

As an aspect of jurisdiction and justiciability, "standing" requires that a litigant have such a personal stake in the outcome of a controversy as to warrant invocation of a court's jurisdiction and justify the exercise of the court's remedial powers on the litigant's behalf. *State v. Baltimore, supra.*

Hawkes brings her argument based on a perceived conflict of interest between Lewis and Itkin and argues that Lamson and Kennedy, Holland's continued representation of Itkin violated DR 5-105(A) and (C) and DR 5-108(A). DR 5-105(A) provides:

> A lawyer shall decline proffered employment if the exercise of the lawyer's independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve the lawyer in representing differing interests, except to the extent permitted under DR 5-105(C).

DR 5-105(C) states:

> In the situations covered by DR 5-105(A) and (B), a lawyer may represent multiple clients if it is obvious that the lawyer can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his or her independent professional judgment on behalf of each.

Finally, DR 5-108(A) sets forth:

> A lawyer who has personally represented a former client in a matter shall not thereafter represent a current client in the same or a substantially related matter in which the current client's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

These rules are reflected in the general rule, stated in the decisions of this court, that an attorney, after receiving the confidence of a client, may not enter the service of others whose interests are adverse to such client's interest in the same subject matter to which the confidence relates, or in matters so closely allied thereto as to be, in effect, a part thereof. *Bechtold v. Gomez*, 254 Neb. 282, 576 N.W.2d 185 (1998); *Richardson v. Griffiths*, 251 Neb. 825, 560 N.W.2d 430 (1997); *State ex rel. Wal-Mart v. Kortum*, 251 Neb. 805, 559 N.W.2d 496 (1997).

Moreover, an attorney or law firm must avoid the present representation of a cause against a client that the attorney or law firm formerly represented, and which cause involves a subject matter which is the same or substantially related to that formerly handled by the attorney or law firm. *Id.*

Hawkes urges this court to find, based on the foregoing propositions of law, that Lewis and Itkin have conflicting interests that require Lamson and Kennedy, Holland to be disqualified from representing Itkin in the present case. In determining standing, however, the issue is not per se whether a conflict of interest is present. Instead, the question is, Who has the right to ask the court for disqualification when it seems apparent from the rules stated above that they are intended to protect the confidences and interests not of a third party, but of the former client?

This is a question of first impression in Nebraska. Several other jurisdictions confronting the issue have concluded, however, that "[a]s a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 88 (5th Cir. 1976). See, also, *Dawson v. City of Bartlesville, Okl.*, 901 F. Supp. 314 (N.D. Okla. 1995); *Murchison v. Kirby*, 201 F. Supp. 122 (S.D.N.Y. 1961); *Morgan v. North Coast Cable Co.*, 63 Ohio St. 3d 156, 586 N.E.2d 88 (1992); *Lowe v. Graves*, 404 So. 2d 652 (Ala. 1981); *State v. Garaygordobil*, 89 Ariz. 161, 359 P.2d 753 (1961); *Johnson v. Prime Bank*, 219 Ga. App. 29, 464 S.E.2d 24 (1995); *Pioneer Natural Gas Co. v. Caraway*, 562 S.W.2d 284 (Tex. Civ. App. 1978); *Payne v. St. Louis Grain Corp.*, 562 S.W.2d 102 (Mo. App. 1977); *Davis v. Poelman*, 178 So. 2d 306 (La. App. 1965), *affirmed in part and reversed in part on other grounds* 319 So. 2d 351 (La. 1975). See, also, generally, Conflicts of Interest in the Legal Profession, 94 Harv. L. Rev. 1244 (1981).

We find this view and the accompanying rationale to be persuasive. Hawkes bases her argument on an ethical rule which is intended to protect former clients. In order to have standing, however, a litigant must assert the litigant's own legal rights and interests, and cannot rest his or her claim on the legal rights or interests of third parties. *State v. Baltimore*, 242 Neb. 562, 495 N.W.2d 921 (1993). In this case, it is Lewis, the former client of Lamson and Kennedy, Holland, whose rights and interests are implicated by Lamson and Kennedy, Holland's representation of Itkin. If Lewis chooses not to exercise his right to seek disqualification and, in fact, specifically waives that right after full disclosure, then Hawkes has no standing to seek disqualification on Lewis' behalf.

We acknowledge that some courts have recognized exceptions to the general rule that only a former client has standing to seek disqualification based on a conflict of interest. Assuming without deciding that certain exceptions may exist, this case still falls outside the boundaries of any type of exception.

For instance, it has been held that disqualification may be sought by a party who is not a former client, but is able to show

that the alleged conflict adversely affected the interest of the party seeking disqualification. See *Lavaja v. Carter*, 153 Ill. App. 3d 317, 505 N.E.2d 694, 106 Ill. Dec. 147 (1987), *appeal denied* 116 Ill. 2d 560, 515 N.E.2d 110, 113 Ill. Dec. 301. Hawkes has not established, in this case, how any conflict of interest between Itkin and Lewis will be prejudicial to Hawkes' interests. Hawkes claims that she cannot receive a fair trial "if Itkin and Lewis are permitted to present one version of facts for trial and another for appeal." Brief for appellee at 10. While the record does not support Itkin's and Lewis' presenting different versions of facts at trial and on appeal, Hawkes could exploit such a tactic, if the tactic exists, by utilizing the record to impeach Itkin and Lewis at trial. This claim is without merit.

It has also been determined in other jurisdictions that a non-client litigant may have standing to enforce a conflict of interest where "the challenged conduct prejudices the fairness of the proceedings, such that it adversely affects the fair and efficient administration of justice." *Appeal of Infotechnology, Inc.*, 582 A.2d 215, 216 (Del. 1990). See, also, *Chapman Engineers v. Natural Gas Sales Co.*, 766 F. Supp. 949 (D. Kan. 1991); *Zarco Supply Co. v. Bonnell*, 658 So. 2d 151 (Fla. App. 1995). A perceived threat to the fairness of the proceeding might be more compelling if this were a situation in which one counsel was attempting to concurrently represent two parties who might have conflicting interests. In such an instance, the parties might not have the benefit of independent legal counsel to advise them of any potential conflict, and if the conflict was serious enough, fundamental principles of fairness and justice might require the intervention of a third party. Cf. *Wendell's, Inc. v. Malmkar*, 225 Neb. 341, 405 N.W.2d 562 (1987).

Such a situation is not presented in the instant case. Lewis is the party whose interests are implicated by any potential conflict of interest, and Lewis has been represented at every stage of these proceedings by independent counsel capable of advising him and protecting his interests.

## CONCLUSION

For all of the above reasons, we conclude that Hawkes lacked standing to seek disqualification of Itkin's counsel and that we

need not address Itkin's other assigned errors. Having determined that Hawkes lacked standing to seek disqualification of Itkin's counsel, we reverse the order of the district court that granted the disqualification and remand the cause for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

WRIGHT, J., not participating.