SHEILA A. ROZMUS, APPELLEE, V. RONALD L. ROZMUS, APPELLEE, STATE OF NEBRASKA, INTERVENOR-APPELLEE, AND POLICY STUDIES, INC., DOING BUSINESS AS CHILD SUPPORT SERVICES OF NEBRASKA, APPELLANT.
IN RE APPROVAL AND APPOINTMENT OF AUTHORIZED ATTORNEYS.
LEGAL AID SOCIETY, APPELLEE, V. POLICY STUDIES, INC., DOING BUSINESS AS CHILD SUPPORT SERVICES OF NEBRASKA, APPELLANT.
IN RE INTEREST OF BRADLEY D. AND RYAN D., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. POLICY STUDIES, INC., DOING BUSINESS AS CHILD SUPPORT SERVICES OF NEBRASKA, APPELLANT.

595 N.W. 2d 893

Filed June 18, 1999.   Nos. S-98-774, S-98-775, S-98-872.

Shawn D. Renner and Mary Kay Frank, of Cline, Williams, Wright, Johnson & Oldfather, and Andrew W. Loewi, Jeanine W.

Anderson, and Richard P. Barkley, of Brownstein, Hyatt, Farber & Strickland, P.C., for appellant.

Thomas C. Riley, Douglas County Public Defender, Leslie E. Kendrick, and Nicole R. Neesen, for appellees.

Jeffrey R. Wagner and Brian R. Leahy, of Legal Aid Society, Inc., for appellees.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

In these consolidated appeals, Policy Studies, Inc., doing business as Child Support Services of Nebraska (PSI), appeals various orders which disqualified PSI, a for-profit corporation, and barred PSI from enforcing the collection of child support orders for the Nebraska Department of Health and Human Services (DHHS). The orders were based on a finding that PSI and its attorneys were engaged in the unauthorized practice of law and were in violation of the Nebraska Supreme Court's Professional Service Corporations rule and Code of Professional Responsibility. DHHS did not appeal. Because PSI does not have standing, we dismiss.

## BACKGROUND

### CONTRACT WITH DHHS AND PSI STRUCTURE

PSI is a Colorado corporation (not a professional corporation), which filed a certificate of authority to transact business with the Nebraska Secretary of State in February 1993. PSI is organized to conduct "all lawful business for which a corporation may be organized pursuant to the Colorado Corporation Code." Only one of its officers and directors is an attorney, and that attorney is not licensed to practice law in Nebraska.

In February 1993, DHHS, then the Nebraska Department of Social Services, entered into a 5-year contract with PSI to assist with the enforcement of child support in Douglas County. In February 1998, DHHS entered into a similar 3-year contract with PSI. Both contracts provide as part of PSI's responsibilities:

> To represent the State in judicial and administrative hearings, including appeals, and to vigorously advocate the

interests of the State consistent with the provisions of the Code of Professional Responsibility. In this regard, [PSI] agrees to bring all court actions in the name of the State of Nebraska on behalf of the child and the State or as provided by [DHHS] policy and State statute . . . .

. . . .

. . . ESTABLISHING LEGAL OBLIGATION FOR FINANCIAL AND MEDICAL SUPPORT: The timely use of appropriate legal remedies to secure orders of paternity and support . . . .

. . . .

. . . ENFORCEMENT: The timely use of appropriate legal remedies to enforce all orders of support . . . .

DHHS paid PSI for its services monthly based upon the amount of child support it collected.

In at least nine separate orders beginning in 1993, the Douglas County District Court appointed PSI's salaried attorneys as attorneys authorized to enforce child support, upon request of PSI's president and pursuant to Neb. Rev. Stat. § 43-512(6)(a) (Reissue 1998). In May 1998, PSI employed 78 people in Nebraska to perform its contract with DHHS. Five of them were attorneys, all licensed to practice law in Nebraska. Patricia Jacobs Kivett, managing attorney for PSI's Omaha office, stated that in 1997, PSI-employed attorneys entered appearances on behalf of DHHS in over 4,400 contempt hearings.

### IN RE APPROVAL AND APPOINTMENT OF AUTHORIZED ATTORNEYS

In the case *In re Approval and Appointment of Authorized Attorneys*, case No. S-98-775 (*Authorized Attorneys*), the Douglas County public defender's office, on behalf of its clients, filed motions in district court to disqualify all attorneys employed by PSI in child support cases in which both PSI and the public defender represented parties (365 cases). The motions alleged that the opposing attorneys' employer, PSI, was practicing law but did not comply with the Nebraska Supreme Court's Professional Service Corporations rule and that thus, PSI was committing the unauthorized practice of law, in violation of Neb. Rev. Stat. § 7-101 (Reissue 1997). The motions also

alleged that PSI and/or the attorneys it employed were violating the Nebraska Code of Professional Responsibility, Canon 3, DR 3-102(A), which prohibits the sharing of fees with a non-lawyer, and Canon 5, DR 5-107(C)(2), which prohibits the practice of law within a corporate form wherein a nonlawyer is a corporate director or officer.

Subsequently, Legal Aid Society (Legal Aid), on behalf of its clients, filed motions in the district court to disqualify PSI in paternity actions in which it and PSI were representing parties (36 cases). The motions alleged that PSI was engaging in the unauthorized practice of law. In addition, Legal Aid moved the court to consolidate its motions to disqualify with the public defender's motions, which the court granted.

### ROZMUS V. ROZMUS

*Rozmus v. Rozmus*, case No. S-98-774 (*Rozmus*), is an appeal from an order of the district court for Douglas County which granted a motion to disqualify PSI and its attorneys from enforcing the collection of child support orders for DHHS. That order is based on a finding that PSI and its attorneys were engaged in the unauthorized practice of law in violation of this court's Professional Service Corporations rule and the Code of Professional Responsibility. The record of *Authorized Attorneys* reflects that the motion to disqualify filed in *Rozmus* was one of the 365 public defender motions considered and determined in *Authorized Attorneys*.

### IN RE INTEREST OF BRADLEY D. AND RYAN D.

*In re Interest of Bradley D. and Ryan D.*, case No. S-98-872 (*Bradley D.*), is an appeal from a similar order entered by the separate juvenile court of Douglas County. In *Bradley D.*, the motion to disqualify was filed by Legal Aid and "other counsel." The trial court, on the motion of Legal Aid's counsel, consolidated 27 other child support cases as shown by an attachment to an order of the court dated July 16, 1998.

### DISPOSITION OF AUTHORIZED ATTORNEYS, ROZMUS, AND BRADLEY D.

In sum, the motions in these three cases allege that PSI is a "for-profit" corporation doing business in Nebraska under a contractual arrangement with DHHS. It is argued that the business

of PSI, child support enforcement, amounts to the unauthorized practice of law by PSI as a "for-profit" corporation and is in violation of the Nebraska Supreme Court's Professional Corporations rule and the Code of Professional Responsibility. PSI contends that it was not practicing law in the performance of its contract with DHHS because the legal services performed for the benefit of DHHS were performed by employees who are licensed attorneys and not by laypersons. PSI argues that its interest, profiting financially by collecting as much child support as possible, does not conflict with the State's interest in collecting as much child support as possible. Therefore, as a matter of policy, PSI should be permitted to continue representing DHHS.

In *Authorized Attorneys* and *Rozmus*, the district court determined that PSI's actions constituted the practice of law by a corporation that was in compliance with neither the Nebraska Professional Corporation Act nor the Nebraska Supreme Court's rules governing the corporate practice of law, thereby violating § 7-101. The court ordered that PSI "is hereby disqualified from practicing law in this Court, as required by its contract with [DHHS] until such time as said corporation shall comply with the Nebraska Professional Corporation Act and the rules of the Supreme Court . . . ."

In *Bradley D.*, the juvenile court determined that PSI's actions in performing the contract with DHHS constituted the practice of law, but also determined that PSI was not in compliance with the Nebraska Professional Corporation Act and the rules of this court governing the corporate practice of law. The court concluded that "the actions of [PSI] and its authorized attorneys constitute the unauthorized practice of law" and ordered that PSI "is hereby disqualified from practicing law in the Douglas County Juvenile Court."

PSI appealed from both the district court's and juvenile court's disqualification orders in three separate appeals. The three appeals have been consolidated.

## ASSIGNMENTS OF ERROR

First, PSI assigns that the district court erred in holding that PSI violated § 7-101 by employing licensed Nebraska attorneys to represent DHHS in child support enforcement actions.

Second, PSI assigns that both the district and juvenile courts erred in holding that PSI engaged in the unauthorized practice of law by employing licensed Nebraska attorneys to represent DHHS in child support enforcement actions. Third, PSI assigns that both the district and juvenile courts erred by failing to hold that PSI-employed lawyers did not engage in fee splitting in violation of Canon 3, DR 3-102(A), of the Nebraska Code of Professional Responsibility.

## SCOPE OF REVIEW

■ Standing is a jurisdictional component of a party's case because only a party who has standing may invoke the jurisdiction of a court; determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach an independent conclusion. *Cotton v. Steele*, 255 Neb. 892, 587 N.W.2d 693 (1999); *Hawkes v. Lewis*, 255 Neb. 447, 586 N.W.2d 430 (1998).

## ANALYSIS

■ As noted, DHHS did not appeal. Thus, the threshold issue is whether PSI, a nonparty, has standing to appeal. "An appeal is generally available only to persons who were parties to the case below," 5 Am. Jur. 2d *Appellate Review* § 264 at 38 (1995), although "in a proper case a nonparty may be sufficiently interested in a judgment to permit him or her to take an appeal from it," § 265 at 39. See, e.g., *In re Claim of Rehm and Faesser*, 226 Neb. 107, 410 N.W.2d 92 (1987) (holding that nonparty attorney can separately appeal from final criminal judgment on issue of attorney fees for representing indigent client). Since DHHS did not appeal, we need to determine whether PSI has standing to bring these appeals.

■ Standing relates to a court's power, that is, jurisdiction, to address the issues presented and serves to identify those disputes which are appropriately resolved through the judicial process. *Cotton v. Steele, supra*; *Hawkes v. Lewis, supra*. As an aspect of jurisdiction and justiciability, standing requires that a litigant have such a personal stake in the outcome of a controversy as to warrant invocation of a court's jurisdiction and justify the exercise of the court's remedial powers on the litigant's behalf. *Cotton v. Steele, supra*; *Hawkes v. Lewis, supra*.

DHHS, as the client whose attorneys were disqualified and as a party of record in the underlying child support, paternity, and child custody cases, clearly would have standing to appeal the disqualification orders; however, DHHS did not appeal. On the other hand, PSI is not a party of record in any of the underlying actions in which the disqualification orders were entered.

PSI cites no case in which an appellate court entertained an appeal of an attorney disqualification order in which the disqualified attorney rather than the client brought the appeal.

Nonetheless, PSI argues that "[t]he prospect of termination of the contract and withholding of monies otherwise due to PSI gives PSI precisely the sort of 'personal stake' in the outcome of the disqualification controversy necessary to establish PSI's standing to prosecute these appeals." Supplemental brief for appellant at 8. We note that the "personal stake" that PSI asserts, making profits by continuing to represent DHHS, is no different than any lawyer's financial interest in the continued representation of a client. Based upon PSI's reasoning, whenever a party's lawsuit is dismissed on a demurrer, summary judgment, or on the merits and the party chooses not to appeal, the party's attorney may nonetheless independently appeal on the ground that it has a personal stake in collecting continued fees or a contingency fee.

Although PSI may arguably have an "interest" in making more money, that interest is, at best, peripheral to the real interest at stake in a disqualification proceeding, which is the client's interest in having the attorney of his or her choice. See *Townsend v. Townsend*, 323 S.C. 309, 474 S.E.2d 424 (1996). See, also, *Richardson v. Griffiths*, 251 Neb. 825, 560 N.W.2d 430 (1997) (stating that providing interlocutory appeal for client assisted in protecting client's interest in retaining counsel of his or her choosing). Selecting an attorney is clearly a decision reserved for the client exclusively. See Canon 7, EC 7-7, of the Nebraska Code of Professional Responsibility. In this case, DHHS did not appeal the disqualifications and thus, in effect, rejected the opportunity to reinstate PSI as its counsel. PSI's request that this court reverse the disqualification orders, thereby reinstating its employed attorneys as counsel for DHHS, impermissibly interferes with DHHS' decision not to further

pursue retaining PSI's attorneys. Attorneys should not be able to use the legal system to force themselves upon uninterested clients. We conclude that PSI's asserted personal stake in the matter is not sufficient to give it standing to appeal.

PSI also argues that because its client, DHHS, had a right to *immediately* appeal the disqualification orders per our decision in *Richardson v. Griffiths,* but did not, it should be able to do so in DHHS' absence. See *Richardson v. Griffiths, supra* (holding that party may make interlocutory appeal from disqualification order). However, the fact that DHHS had an immediate right to appeal does not mean that PSI also has that right. DHHS' right to appeal, whether interlocutory or otherwise, is its own. "[A] litigant must assert the litigant's own legal rights and interests, and *cannot rest his or her claim on the legal rights or interests of third parties."* (Emphasis supplied.) *Hawkes v. Lewis*, 255 Neb. 447, 454, 586 N.W.2d 430, 435 (1998). Accord *State v. Baltimore*, 242 Neb. 562, 495 N.W.2d 921 (1993).

Finally, PSI asserts that because the disqualification motions adjudicated in *Authorized Attorneys* were consolidated on a " 'miscellaneous' docket," which had previously been utilized to appoint PSI-employed attorneys as authorized attorneys eligible to prosecute child support enforcement, the consolidated hearing on the motions was a "special proceeding." Supplemental brief for appellant at 12. PSI contends that because the court's order was the result of a special proceeding and affected a substantial right, it has the right to appeal the disqualification order. This argument confuses the issue of standing with that of whether the disqualification order is a final order. Thus, this argument is also without merit.

## CONCLUSION

We conclude that PSI lacks standing to appeal on its own behalf any of the district court's and juvenile court's attorney disqualification orders. Thus, we are without jurisdiction to adjudicate the merits of PSI's appeals and dismiss the appeals accordingly.

APPEALS IN NOS. S-98-774, S-98-775, AND S-98-872 DISMISSED.

WRIGHT, J., not participating.