THE MUTUAL GROUP U.S., APPELLEE,
v. CHARLES R. HIGGINS, APPELLANT.

611 N.W. 2d 404

Filed June 2, 2000.    No. S-99-031.

Phillip G. Wright, of Quinn & Wright, for appellant.

Terrence J. Salerno for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

The Mutual Group U.S. filed a petition in the county court against Charles R. Higgins claiming subrogation rights pursuant to an insurance policy. Mutual Group subsequently filed a motion to disqualify Higgins' attorney. The county court sustained the motion. Higgins appealed to the district court, which affirmed the county court's decision. Higgins appealed the decision of the district court, and on our own motion, we removed the matter to our docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals.

## BACKGROUND

This case arose from the alleged payment of medical bills by Mutual Group on behalf of Higgins following an injury caused by a third party. Higgins, being represented by Phillip G. Wright, had brought a claim against the third party. Mutual Group alleges that subsequent to the claim being filed against the third party, it notified Higgins that it would be pursuing its subrogation rights regarding any medical bills paid to or on behalf of Higgins by Mutual Group. Higgins has since settled his claim against the third party, but no part of such settlement has been paid to Mutual Group. Higgins contends that Mutual Group failed to give notice of any subrogation rights until after Higgins settled his claim against the third party.

Subsequent to filing its petition, Mutual Group filed a motion to disqualify Higgins' attorney, claiming that prior to Higgins' settlement with the third party, Mutual Group gave Higgins and Wright, as Higgins' counsel, notice of Higgins' contractual obligation under the insurance policy. Mutual Group alleged that as a result of the communication between it and Wright, "there is a strong likelihood that Mr. Wright would be a witness in this case and that his testimony would be other than on behalf of his client and very likely prejudicial to his client," and that pursuant to Canon 5, DR 5-102, of the Code of Professional Responsibility, Wright should be disqualified. The motion also claimed that "[i]t is possible that Mr. Higgins' attorney failed to act in such a manner as to limit Mr. Higgins' exposure on this particular issue

and, therefore, may be viewed as having interest in conflict with his client . . . ."

In its written letter dated September 22, 1998, the county court sustained Mutual Group's motion to disqualify, finding that "it is likely [Wright] will be a material witness in the matter." Higgins appealed to the district court, which initially dismissed the appeal for lack of an appealable order. On rehearing, the district court determined the order disqualifying Higgins' attorney was appealable and affirmed the county court's decision. The district court held:

> Wright, from his own summary in the record, represented Higgins in the adjudication of a damages claim. The issue between the parties in this proceeding is whether or not [Mutual Group] had an enforceable interest in the proceeds of that adjudication. From the record, it is quite clear that Mr. Wright's testimony will be necessary, and that under DR5-102, he is barred from further representing [Higgins] in these proceedings.

Higgins appealed from the district court's order.

## ASSIGNMENTS OF ERROR

Higgins contends that Mutual Group did not have standing to ask the county court to disqualify Higgins' counsel. Higgins contends that even if Mutual Group had standing, the district court erred in affirming the county court's finding that the facts of this case warranted disqualification of Higgins' counsel.

## STANDARD OF REVIEW

■ In an appeal from an order disqualifying counsel, an appellate court reviews the trial court's factual findings for clear error and ultimately makes its disqualification decision independent of the trial court's ruling. *Hawkes v. Lewis*, 255 Neb. 447, 586 N.W.2d 430 (1998).

■ Standing is a jurisdictional component of a party's case because only a party who has standing may invoke the jurisdiction of a court; determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach an independent conclusion. *Rozmus v. Rozmus*, 257 Neb. 142, 595 N.W.2d 893 (1999); *Cotton v. Steele*, 255 Neb. 892, 587 N.W.2d 693 (1999).

## ANALYSIS

If an appeal from an order of disqualification of counsel involves issues collateral to the basic controversy and if the appeal from a judgment dispositive of the entire case would not be likely to protect the client's interests, interlocutory appeal from the order removing counsel is appropriate. *Richardson v. Griffiths*, 251 Neb. 825, 560 N.W.2d 430 (1997). This is one of those situations in which an appeal by Higgins after a judgment would not adequately protect his interests. We conclude that an interlocutory appeal is appropriate in this case and that we have jurisdiction to adjudicate this matter pursuant to the *Richardson* exception to the final order requirement for an appeal.

We next turn to the question of standing because if Mutual Group lacks standing to bring a motion to disqualify Higgins' counsel, the county court and subsequently the district court were without power to act upon it. Standing relates to a court's power, that is, jurisdiction, to address the issues presented and serves to identify those disputes which are appropriately resolved through the judicial process. *Rozmus v. Rozmus, supra*; *Cotton v. Steele, supra*.

Because the requirement of standing is fundamental to a court's exercising jurisdiction, a litigant or court before which a case is pending can raise the question of standing at any time during the proceeding. *Hawkes v. Lewis, supra*. "In order to have standing to invoke a tribunal's jurisdiction, one must have some legal or equitable right, title, or interest in the subject of the controversy." *Id.* at 452, 586 N.W.2d at 434. The purpose of a standing inquiry is to determine whether one has a legally protectable interest or right in the controversy that would benefit by the relief to be granted. *Id.*; *Hall v. Progress Pig, Inc.*, 254 Neb. 150, 575 N.W.2d 369 (1998).

As an aspect of jurisdiction and justiciability, "standing" requires that a litigant have such a personal stake in the outcome of a controversy as to warrant invocation of a court's jurisdiction and justify the exercise of the court's remedial powers on the litigant's behalf. *Rozmus v. Rozmus, supra*; *Cotton v. Steele, supra*.

We determine that Mutual Group has standing to request disqualification of Higgins' counsel. Mutual Group has "some legal or equitable right, title, or interest in the subject of the contro-

versy" because if Higgins' counsel is called as a witness by Mutual Group, Mutual Group will be prejudiced by Higgins' counsel's serving as an advocate and a witness. Additionally, if the trial court would subsequently determine that Higgins' counsel should be disqualified, the trial would at a minimum be delayed to allow Higgins to obtain new counsel, or a mistrial be declared. Either of these events would cause delay and additional expense to Mutual Group.

Having determined that Mutual Group has standing, we will next address the merits of the disqualification order. In an appeal from an order disqualifying counsel, an appellate court reviews the trial court's factual findings for clear error and ultimately makes its disqualification decision independent of the trial court's ruling. *Hawkes v. Lewis*, 255 Neb. 447, 586 N.W.2d 430 (1998).

The county court sustained Mutual Group's motion to disqualify, finding that "it is likely [Wright] will be a material witness in the matter." The district court, on appeal, affirmed the county court's finding, stating that "[f]rom the record, it is quite clear that Mr. Wright's testimony will be necessary, and that under DR5-102, he is barred from further representing [Higgins] in these proceedings." DR 5-102(B) provides:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in his or her firm may be called as a witness other than on behalf of his or her client, the lawyer may continue the representation until it is apparent that his or her testimony is or may be prejudicial to the client.

Canon 5, EC 5-9, of the Code of Professional Responsibility recognizes that the roles of witness and advocate are inconsistent:

> Occasionally a lawyer is called upon to decide in a particular case whether the lawyer will be a witness or an advocate. If a lawyer is both counsel and witness, he or she becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his or her

own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.

It seems clear that the testimony of Higgins' counsel will be necessary in the case against Higgins and that under Canon 5, DR 5-102, Higgins' counsel should be disqualified from representing Higgins. The same counsel that represents Higgins in this action represented him in his damages claim against the third party. In Mutual Group's motion for disqualification, and at the hearing on disqualification, it was represented to the court that Mutual Group had advised Wright of its subrogation claim. In the affirmative defenses of Higgins drafted by Wright, it is alleged that Mutual Group failed to give timely notice of any claim, lien, or subrogation until after Higgins had settled his claim. It is hard to imagine how this issue can be litigated without Wright's being a witness. We conclude that the district court did not err in affirming the county court's findings that the facts of this case warrant disqualification of Higgins' counsel.

AFFIRMED.