NADEAN J. HAWKES, APPELLANT, V. KIRK C. LEWIS, M.D., AND JEFFREY B. ITKIN, M.D., APPELLEES.

560 N.W.2d 844

Filed March 28, 1997.   No. S-95-649.

Daniel G. Dolan and Stephen Leuchtman for appellant.

J. Joseph McQuillan and Scott A. Calkins, of Walentine, O'Toole, McQuillan & Gordon, for appellee Lewis.

William M. Lamson, Jr., and William R. Settles, of Kennedy, Holland, DeLacy & Svoboda, for appellee Itkin.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and GRANT, J., Retired, and SPETHMAN, D.J.

CAPORALE, J.

The plaintiff-appellant, Nadean J. Hawkes, seeks to recover damages for the alleged medical malpractice of the defendant-appellee surgeon, Kirk C. Lewis, M.D., and the defendant-appellee assistant surgeon, Jeffrey B. Itkin, M.D. At the close of the plaintiff's case, the district court directed a verdict in favor of Itkin and dismissed the action as to him. In accordance with the verdict rendered at the conclusion of the trial in favor of

Lewis, the district court subsequently dismissed the action against him as well. In appealing to the Nebraska Court of Appeals, Hawkes assigned to the district court a number of errors, including that it had improvidently directed a verdict in favor of Itkin. Under our authority to regulate the caseloads of the Court of Appeals and this court, we, on our own motion, moved the matter to our docket. For the reasons hereinafter set forth, we now reverse the judgment of the district court and remand the cause for a new trial as to both Lewis and Itkin.

Lewis and Itkin performed an abdominal hysterectomy on Hawkes. After making a low transverse incision, dissecting the skin and subcutaneous tissue, and separating certain muscles, the abdominal wall was opened and the small bowel packed away from the pelvis and into the abdominal cavity. The packing was done by using cotton packs to hold the bowel away from the pelvic cavity, leaving the bowel approximately 3 inches below the mesenteric artery. Lewis then completed the operation. At that point, Itkin's involvement in Hawkes' care ended, and Lewis became responsible for her postoperative care.

Believing Hawkes had recovered to a stable condition, Lewis released her from the hospital. A few days later, Hawkes was rehospitalized on an emergency basis and found to have suffered a tear to the mesenteric artery. The tear was thereupon repaired.

There was evidence that the tear would not have occurred in the absence of negligence in pushing the bowel, while it was being packed, either too far, too hard, or both too far and too hard.

During the presentation of her case, Hawkes offered portions of Itkin's and Lewis' pretrial deposition testimony. With regard to who packed the bowel, Itkin stated:

"The operating surgeon is generally the person who would pack away the operative bowels, or the bowels. It would be unusual for an assistant to be responsible for packing the bowels away. And I believe in . . . Lewis' testimony he stated that he packed away the bowels from the operative field, sir.

. . . .

"Q. . . . [D]o you feel that you had any participation in packing off of the bowel in this surgical procedure?

"A. I was an assistant surgeon in this operation. I cannot tell you that I packed the bowel away.

"Q. Do you think you did?

"A. No, sir.

. . . .

"Q. So is it safe for me to assume that you neither participated in the packing of the bowel or the unpacking of the bowel?

"A. I think that's a fair statement."

However, when asked if he had to move Hawkes' "transverse colon" during the surgery, Lewis answered in his deposition:

"A. Not directly by hand. In other words, I can't grab it and move it. What you do is whatever is in the way, you reach in with your packs and push it back.

"Q. Are you doing that on one side and . . . Itkin doing it on the other side?

"A. *We're both doing it.*

"Q. Do you recall how many packs you were using?

"A. My guess is three.

. . . .

"Q. Would he be using the lap packs on the right side and you on the left?

"A. Not necessarily.

"Q. Well, you tell me. You were there. I wasn't.

"A. I'm telling you not necessarily. *I can't remember whether he put in one pack or two or whether I put in three.* Generally speaking we're both busy working at this at the same time to conserve on time.

. . . .

"[Q.] So in this particular operative report, can any of us safely assume who did the lap packing on any portion of this lady's abdomen?

"A. . . . 'You can assume that I did at least part of it.[']

. . . .

"[Q.] Do you recall who removed the packs?

"A. I don't recall. Could have been both of us; it could have been me. . . ."

(Emphasis supplied.)

This appeal is controlled by the rule that a directed verdict is properly granted only where reasonable minds cannot differ and can draw but one conclusion from the evidence, that is to say, where an issue should be decided as a matter of law. See, *World Radio Labs. v. Coopers & Lybrand*, 251 Neb. 261, 557 N.W.2d 1 (1996); *Dolberg v. Paltani*, 250 Neb. 297, 549 N.W.2d 635 (1996); *Floyd v. Worobec*, 248 Neb. 605, 537 N.W.2d 512 (1995).

While Itkin denied that he did any packing of the bowel, Lewis' testimony is self-contradictory, stating at one point that both he and Itkin were doing it, and at another point that he, Lewis, could not remember how many of the three packs he himself inserted. It has long been the rule that where a witness makes contradictory statements, the question of what the facts really were is for the jury. See *Gibbons v. Chicago, B. & Q. R. Co.*, 98 Neb. 696, 154 N.W. 226 (1915). See, also, *Stansbury v. HEP, Inc.*, 248 Neb. 706, 539 N.W.2d 28 (1995), and *Vredeveld v. Gelco Express*, 222 Neb. 363, 383 N.W.2d 780 (1986) (good faith self-contradiction of expert witness presents question for trier of fact).

Thus, the district court erred in granting Itkin's motion for a directed verdict.

Having so determined, we move on to the matter of the judgment in Lewis' favor and recognize in that regard that he comes before us with the benefit of a verdict in his favor. However, as the surgeon in charge of the operation, he became liable for the negligence, if any, of his assistant, Itkin. *Long v. Hacker*, 246 Neb. 547, 520 N.W.2d 195 (1994) (delegation does not relieve physician of nondelegable duty of care); *Burns v. Metz*, 245 Neb. 428, 513 N.W.2d 505 (1994) (in absence of own negligence, supervising surgeon could not be liable when assistant surgeon not shown to be negligent); *Swierczek v. Lynch*, 237 Neb. 469, 466 N.W.2d 512 (1991) (surgeon in charge of operation liable under doctrine of respondeat superior for negligent acts of those who assist in operation).

The district court's improper ruling on Itkin's motion deprived the jury of the opportunity to consider whether he had been negligent and whether as a result, Lewis, even in the absence of his own negligence, was vicariously liable to Hawkes.

As a consequence, as noted in the first part of this opinion, the judgment of the district court must be reversed in its entirety and the cause remanded for a new trial as to both Lewis and Itkin. This issue being dispositive, we need not, and do not, address Hawkes' other assignments of error.

REVERSED AND REMANDED FOR A NEW TRIAL.