PHILLIP E. MENDOZA II, APPELLANT, v. PEPSI COLA BOTTLING CO., APPELLEE.

603 N.W. 2d 156

Filed October 26, 1999.    No. A-98-1337.

Robert R. Moodie, of Friedman Law Offices, for appellant.

David A. Castello, of Katskee, Henatsch & Suing, for appellee.

HANNON, MUES, and INBODY, Judges.

MUES, Judge

## INTRODUCTION

Phillip E. Mendoza II appeals the decision of a review panel of the Nebraska Workers' Compensation Court. The single trial judge found that Mendoza suffered an accident and injury to his left knee arising out of and in the course of his employment with Pepsi Cola Bottling Co. (Pepsi) on January 5, 1997. The review panel reversed the trial judge's decision and found that Mendoza could not have been injured on that date. Finding that there was sufficient evidence to support the trial judge's findings of fact, we reverse the review panel's decision and reinstate the order of the trial judge.

## BACKGROUND

Mendoza began working for Pepsi in 1991 as the assistant to the special events manager. His duties included loading tanks weighing 50 to 60 pounds on a truck, delivering the tanks to customers, driving a vehicle, lifting and unloading machines, and other manual labor. In March 1996, he injured his back while he was picking up tanks. He testified that prior to his back injury, he did not have any symptoms in his left knee, although he had severely injured it in 1984 and, at that time, had had surgery to repair the damage. After the accident injuring his back, Mendoza noticed symptoms in his left leg, including that his knee would "kind of slide out to the side, just slip[,] and would pop back in."

In late December 1996 or early January 1997, Mendoza returned to work as a service technician, with certain restrictions placed upon him by his treating physician. His duties included placing equipment, like vending machines, in restaurants and grocery stores; cleaning and fixing the machines; and delivering products. Shortly after returning to work, Mendoza alleges he injured his left knee. That injury is the subject of this suit.

On July 31, 1997, Mendoza filed a petition alleging that on or about December 16, 1996, he sustained an injury arising out of and in the course of his employment with Pepsi for which he was entitled to compensation benefits from Pepsi. At the time of his knee injury, Mendoza was earning $410 per week. Mendoza alleges that he was exiting a truck when he felt an immediate sharp pain in his left knee, which was diagnosed as a torn medial meniscus. He claims that he is entitled to temporary total disability, permanent partial disability, and payment of medical expenses.

Pepsi denied all the allegations of Mendoza's petition, including that he was working for Pepsi on December 16, 1996. It further claimed it had no prior notice concerning these claimed injuries. The case went to trial, and after all the evidence was received, Mendoza was allowed to amend his petition to allege the date of injury as January 5, 1997. The main issues in the case were the date of Mendoza's injury and whether he was working for Pepsi at that time.

At trial, when asked when he went back to work for Pepsi after recovering from his back injury, Mendoza testified: "I'm a little unsure. It was late December, I believe. I believe late December or early January, the very last week in December, I can't remember the exact date now." He explained that he had difficulty with his back injury when he went back to work. Mendoza testified that just a couple of days after he went back to work, he had been standing and getting up and down cleaning under machines all day, when, as he was getting out of the Pepsi truck, he "felt [his] knee pop real good." He stated that he was injured at about 4:15 p.m., but could not remember the exact date of the injury. He testified that it was "probably the beginning of January or late December, the very last week in December." When asked for a specific date, Mendoza replied:

> I couldn't give you an exact date. It was — it was — I would say it was probably — it wasn't the first day because we just did coolers inside, it was probably the third day I returned back to work, and that probably would have been — I don't have a calendar in front of me — but I would say probably — if it was January 6th that I saw Dr. Diamant, I'm assuming it was probably January 5th.
>
> . . . .
>     . . . Well, the reason I'm saying the January date is because he read off the January 6th thing that said Dr. Diamant saw me about the knee and had me go get the x-ray and I know that was the very next day that I had — after I reported it that I had to go down.

Mendoza testified that he did not work weekends in January 1997. Curtis McCain, Mendoza's supervisor, testified that Mendoza did not work for Pepsi in December 1996, although he did get paid for two floating holidays on December 30 and 31. McCain recalled that Mendoza returned to work the first week of January 1997 and worked for approximately 10 days. McCain testified that he did not recall Mendoza reporting a knee injury to him at any time in January 1997. However, McCain admitted that he was aware that Mendoza saw Dr. David Diamant on January 6. Mendoza testified that he reported the injury to McCain and that McCain told him to go see the doctor. Mendoza saw the company doctor, Dr. Diamant, "immediately after that."

Dr. Diamant's records show that he saw Mendoza on January 6, 1997, and that Mendoza was complaining of knee pain. After an examination, Dr. Diamant referred Mendoza to the doctor who had done Mendoza's original surgery in 1984, Dr. Patrick Clare.

In two separate and distinct places, Dr. Clare's records state that Mendoza had "a recurring episode giving way in December when he was attempting to play some basketball." However in another letter, apparently in response to a letter from Mendoza stating that Dr. Clare had made some mistakes, Dr. Clare explains that his dictation is somewhat misleading. The letter states that Mendoza had aggravated the knee playing basketball 3 weeks before the March 10, 1997, appointment with Dr. Clare, but the original injury was December 1996 when Mendoza's knee gave way at work after he sustained a twisting injury while getting out of a truck. Dr. Clare opined that the offending injury was in December 1996 on the job and the March 1997 injury was merely a reinjury of the December 1996 problem. When asked about this at trial, Mendoza explained that Dr. Clare had made another error in recording a date, that Dr. Clare was a "busy man," and that he had simply mixed up the December injury at work with the March injury playing basketball.

Mendoza testified that he continued to have symptoms in his knee for a couple of weeks and then some of the pain went away. He saw Dr. Clare on March 19, 1997, after rescheduling his first appointment. Prior to his appointment with Dr. Clare, Mendoza had been playing basketball in early March, and his knee again popped to the side, like it was slipping. He experienced pain, which went away again after a few days. Dr. Clare operated on Mendoza's knee on April 21, and Mendoza testified that at the time of the hearing, his progress was slow.

The Workers' Compensation Court found that on January 5, 1997, Mendoza was employed by Pepsi and was injured while engaged in the duties of his employment. Thus, the trial judge concluded that Mendoza was entitled to benefits under the Nebraska Workers' Compensation Act, including benefits of $273.33 per week from March 19 through November 26, 1997, and medical expenses of $6,510.79.

Pepsi filed an application for review discussing several errors. The Workers' Compensation Court review panel found that

Mendoza testified that he did not work weekends and took judicial notice that January 5, 1997, was a Sunday. Thus, it concluded that "the unrebutted evidence would indicate that the plaintiff was not working on January 5, 1997, as found by [the trial judge] in his decision, [the trial judge] was clearly wrong in finding that the plaintiff sustained an accident and injury on that date." The review panel reversed the trial judge's decision and dismissed Mendoza's petition without addressing Pepsi's other assigned errors. Mendoza appeals.

## ASSIGNMENTS OF ERROR

Mendoza alleges the review panel erred (1) in holding that the trial judge's finding of fact with regard to the date of the accident was clearly wrong and (2) in reversing the award of the trial judge and dismissing his petition based on the conclusion that the trial judge made a mistake in determining the date of the accident inasmuch as such mistake would have been harmless error.

## STANDARD OF REVIEW

Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 1998), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Ideen v. American Signature Graphics*, 257 Neb. 82, 595 N.W.2d 233 (1999); *McBee v. Goodyear Tire & Rubber Co.*, 255 Neb. 903, 587 N.W.2d 687 (1999).

Findings of fact made by a Workers' Compensation Court trial judge are not to be disturbed upon appeal to a Workers' Compensation Court review panel unless they are clearly wrong, and if the record contains evidence to substantiate the factual conclusions reached by the trial judge, the review panel shall not substitute its view of the facts for that of the trial judge. *Ideen v. American Signature Graphics, supra*; *Pearson v. Lincoln Telephone Co.*, 2 Neb. App. 703, 513 N.W.2d 361 (1994).

## DISCUSSION

Under the provisions of the Nebraska Workers' Compensation Act, compensation is allowed when personal injury is caused to an employee by an accident or occupational disease arising out of and in the course of his or her employment, if the employee was not willfully negligent at the time of receiving such injury. Neb. Rev. Stat. § 48-101 (Reissue 1998). In the instant case, there is no allegation of willful negligence; therefore, the issue before the trial judge was whether Mendoza was injured in an accident arising out of and in the course of his employment with Pepsi.

A workers' compensation claimant bears the burden to establish a causal relationship between the claimant's alleged injury and his or her employment. *U S West Communications v. Taborski*, 253 Neb. 770, 572 N.W.2d 81 (1998). The issue in regard to causation of an injury or disability is one for determination by the Workers' Compensation Court as the fact finder, whose findings will not be set aside unless clearly erroneous. *Zessin v. Shanahan Mechanical & Elec.*, 251 Neb. 651, 558 N.W.2d 564 (1997). The trial judge found that Mendoza was employed by Pepsi on January 5, 1997, and

> while so employed and on said date and while engaged in the duties of his employment he suffered injuries as a result of an accident arising out of and in the course of his employment by the defendant when the plaintiff injured his left knee as he exited a company truck.

The Workers' Compensation Court review panel may reverse or modify the findings, order, award, or judgment of the original hearing only on the grounds that the trial judge was clearly wrong on the evidence or the decision was contrary to law. *Larson v. Hometown Communications, Inc.*, 248 Neb. 942, 540 N.W.2d 339 (1995). Upon appellate review, the findings of fact made by the trial judge of the Workers' Compensation Court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Cords v. City of Lincoln*, 249 Neb. 748, 545 N.W.2d 112 (1996); *Larson v. Hometown Communications, Inc., supra.*

The review panel reversed the trial judge's factual findings as to the date of Mendoza's injury as being clearly

wrong. It is true that under Neb. Rev. Stat. § 48-179 (Reissue 1998) a review panel may properly reverse or modify the findings, order, award, or judgment of the original hearing on the grounds that the trial judge was clearly wrong on the evidence or the decision was contrary to law. See *Larson v. Hometown Communications, Inc., supra*. But, in determining whether to affirm, modify, reverse, or set aside a judgment of a Workers' Compensation Court review panel, a higher appellate court reviews the findings of the trial judge who conducted the original hearing. *Ideen v. American Signature Graphics*, 257 Neb. 82, 595 N.W.2d 233 (1999); *Winn v. Geo. A. Hormel & Co.*, 252 Neb. 29, 560 N.W.2d 143 (1997). When testing the sufficiency of the evidence to support findings of fact by a Workers' Compensation Court trial judge, the evidence must be considered in the light most favorable to the successful party, and the successful party will have the benefit of every inference reasonably deducible from the evidence. *Wilson v. Larkins & Sons*, 249 Neb. 396, 543 N.W.2d 735 (1996). As the trier of fact, the Workers' Compensation Court is the sole judge of the credibility of witnesses and the weight to be given their testimony. *Zessin v. Shanahan Mechanical & Elec., supra*.

We digress briefly to address Pepsi's contention that the review panel sits "as a fact finder and that its decision will not be overturned unless clearly erroneous." Brief for appellee at 3. In support of this argument, Pepsi cites *McBee v. Goodyear Tire & Rubber Co.*, 255 Neb. 903, 587 N.W.2d 687 (1999). Specifically, it focuses on the following proposition: "Findings of fact made by the compensation court after review have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly erroneous." *Id.* at 907, 587 N.W.2d at 692. Pepsi's argument, of course, is that the review panel's "finding" that Mendoza did not sustain an accidental injury on January 5, 1997, as alleged has support in the evidence and is not clearly wrong, and thus, this court cannot disturb that finding on appeal. We believe Pepsi's interpretation of this proposition is erroneous.

This court in *Pearson v. Lincoln Telephone Co.*, 2 Neb. App. 703, 513 N.W.2d 361 (1994), set forth its view of the scope of review by a review panel of a trial judge's decision, as well as

the scope of review by a higher appellate court of the review panel's decision under what was then a relatively new statutory change to the Nebraska workers' compensation laws. *Pearson v. Lincoln Telephone Co.* was cited by the Nebraska Supreme Court in *Hemmerling v. Happy Cab Co.*, 247 Neb. 919, 530 N.W.2d 916 (1995), as supporting the proposition that an appellate court reviews the findings of the trial judge who conducted the original hearing in determining whether to affirm, modify, reverse, or set aside the judgment of the review panel.

In *Larson v. Hometown Communications, Inc.*, 248 Neb. 942, 951, 540 N.W.2d 339, 347 (1995), the Nebraska Supreme Court squarely addressed the issue posed by Pepsi's argument in the present case:

> We must determine which judgment is entitled to the force and effect of a jury verdict, that of the trial judge or that of the three-judge review panel. The defendants contend that the findings of the review panel have the force and effect of a jury verdict. We disagree. We conclude that "the single judge of the compensation court is the factfinding trial court and the review panel is performing the first level of appellate review." See *Pearson v. Lincoln Telephone Co.*, 2 Neb. App. 703, 712, 513 N.W.2d 361, 367 (1994).
>
> In the case at bar, we review the findings of fact by the trial judge . . . . The findings of fact made by the judge in the original workers' compensation hearing have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Hemmerling v. Happy Cab Co.*, 247 Neb. 919, 530 N.W.2d 916 (1995). Appellate review is controlled by §§ 48-179 and 48-185.

The *Larson v. Hometown Communications, Inc.*, court went on to hold that the review panel's scope of review, under § 48-179, was to reverse or modify only if the trial judge was clearly wrong on the evidence or its decision was contrary to law and that higher appellate review was based on the grounds set forth in § 48-185. In essence, *Larson v. Hometown Communications, Inc.*, clarified that the trial judge of the Workers' Compensation Court was the fact finder; that the review panel performed the "first level" of appellate review and

could reverse only if the trial judge was clearly wrong on the evidence or if the decision was contrary to law; and that the scope of review of a higher appellate court is defined by the four prongs of § 48-185, which we have set forth in the "Standard of Review" section of this opinion. See *Ideen v. American Signature Graphics,* 257 Neb. 82, 595 N.W.2d 233 (1999).

The proposition found in *McBee v. Goodyear Tire & Rubber Co.,* 255 Neb. 903, 587 N.W.2d 687 (1999), upon which Pepsi relies suggests that the review panel is a fact finder. Similar language appeared in § 48-185 at the time *Pearson v. Lincoln Telephone Co., supra,* and *Larson v. Hometown Communications, Inc., supra,* were decided. *Larson v. Hometown Communications, Inc.,* clearly rejected that interpretation. The relevant language continues unchanged in the current version of the statute. See § 48-185. It is a firmly established rule of construction that where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent. *State v. White,* 254 Neb. 566, 577 N.W.2d 741 (1998); *State v. Atkins,* 250 Neb. 315, 549 N.W.2d 159 (1996).

Although *Larson v. Hometown Communications, Inc., supra,* ostensibly clarified the topic and rendered the subject proposition inaccurate under the new statutory scheme, it continues to enjoy vitality. Indeed, it was quickly resurrected in *Kerkman v. Weidner Williams Roofing Co.,* 250 Neb. 70, 547 N.W.2d 152 (1996), and has been regularly cited thereafter. See, e.g., *McBee v. Goodyear Tire & Rubber Co., supra*; *Varela v. Fisher Roofing Co.,* 253 Neb. 667, 572 N.W.2d 780 (1998); *Winn v. Geo. A. Hormel & Co.,* 252 Neb. 29, 560 N.W.2d 143 (1997). This court has joined in that process. See, e.g., *Yarpe v. Lawless Distrib. Co.,* 7 Neb. App. 957, 587 N.W.2d 417 (1998); *Bennett v. J. C. Robinson Seed Co.,* 7 Neb. App. 525, 583 N.W.2d 370 (1998); *Lounnaphanh v. Monfort, Inc.,* 7 Neb. App. 452, 583 N.W.2d 783 (1998).

We obviously are in no position to disregard or overrule this proposition. At the same time, were we to interpret it as Pepsi asks us to, we would be ignoring the scope-of-review principles carefully mapped out in *Larson v. Hometown Communications,*

*Inc.*, 248 Neb. 942, 540 N.W.2d 339 (1995), and, at least in our perception, assiduously applied by the Supreme Court thereafter. While this proposition *may* retain some viability in the context of an appellate court's review of a three-judge review panel's *affirmance* of the factual findings of the single trial judge, we believe it is inappropriate in the present case, where the review panel *reversed* the factual findings of the trial judge. Here, the review panel sat as the first level of appellate review, see *Larson v. Hometown Communications, Inc., supra*, and it determined that the trial judge's findings were clearly erroneous, see § 48-179. As the appellate court, in determining whether to affirm, modify, reverse, or set aside the judgment of the review panel, we must review the findings of the trial judge who conducted the original hearing. See *Ideen v. American Signature Graphics, supra*. If the record contains evidence to substantiate the factual conclusions reached by the trial judge, the review panel shall not substitute its view of the facts for that of the trial judge, see *id.*, and an appellate court is likewise precluded from substituting its view of the facts for that of the compensation court. See, *McBee v. Goodyear Tire & Rubber Co., supra*; *Starks v. Cornhusker Packing Co.*, 254 Neb. 30, 573 N.W.2d 757 (1998).

Mendoza testified that he could not remember the exact date of the injury, stating that it occurred on approximately his third day back to work. However, he could not remember if he returned to work in late December 1996 or early January 1997. According to Pepsi's records, he returned to work the first week of January 1997. Mendoza was paid for floating holidays on December 30 and 31, 1996, a Monday and a Tuesday. If he returned to work the first week in January 1997, he could have worked January 1, 2, and 3, a Wednesday, Thursday, and Friday. Mendoza testified that he was not injured on the first day back, but was probably injured on the third day he returned to work. He testified, "I don't have a calendar in front of me — but I would say probably — if it was January 6th that I saw Dr. Diamant, I'm assuming it was probably January 5th." Mendoza testified that he saw Dr. Diamant the "very next day." Medical records show that he saw Dr. Diamant on Monday, January 6.

The trial judge found that Mendoza was injured on January 5, 1997, that the injury occurred during the course of his employment at Pepsi, and that Mendoza was entitled to workers' compensation benefits. If the record contains evidence to substantiate the factual conclusions reached by the Workers' Compensation Court, an appellate court is precluded from substituting its view of the facts for that of the compensation court. *McBee v. Goodyear Tire & Rubber Co.*, 255 Neb. 903, 587 N.W.2d 687 (1999).

Pepsi argues that Mendoza testified that he did not work weekends in January 1997, and since January 5, 1997, was a Sunday, there is unrebutted evidence that Mendoza was not working on January 5 as found by the trial judge. Thus, it asserts that the review panel correctly found that the trial judge's order was erroneous. Indeed, the evidence is self-contradicting. However, the date of Mendoza's injury is a question of fact to be determined by the fact finder. Where a witness makes contradictory statements, the question of what the facts really were is for the jury. *Hawkes v. Lewis*, 252 Neb. 178, 560 N.W.2d 844 (1997). Self-contradicting testimony presents a question to be resolved by the trier of fact. *Stansbury v. HEP, Inc.*, 248 Neb. 706, 539 N.W.2d 28 (1995). This contradiction was resolved by the trial judge in favor of Mendoza.

Our review of the record reveals that there is sufficient competent evidence to warrant the making of the trial judge's order and to support the findings of fact. There is evidence to support the trial judge's finding that Mendoza was injured on January 5, 1997, from an accident arising out of and in the course of his employment with Pepsi. Mendoza testified that he was uncertain of the exact date of the accident, but that he thought it was "just a couple of days back to work." He testified that he went back to work in "late December or early January." Pepsi conceded that Mendoza returned to work in the first week of January.

Mendoza explained that on the day he was injured, he had been cleaning coolers all day, getting in and out of a truck. At the end of the day, when he was getting out of the Pepsi truck on the passenger side, he felt his "knee pop real good." Mendoza testified that he saw Dr. Diamant "immediately after that."

Dr. Diamant's records show that Mendoza was seen on January 6, 1997, and that he was complaining of knee pain. X rays were taken of the knee, and Dr. Diamant prescribed Ultram, a pain medication. Dr. Clare eventually diagnosed a "tear of the posterior horn of his medial meniscus, possibly his lateral meniscus posterior horn and an MCL sprain."

Viewing the evidence in a light most favorable to Mendoza, we cannot say that the trial judge was clearly wrong when it determined that Mendoza was injured on or about January 5, 1997. The review panel's order of reversal is premised solely on its finding that the accident could not have happened on the date alleged. The review panel is not allowed to substitute its view of the evidence over that of the trial judge any more than we are. See *Ideen v. American Signature Graphics*, 257 Neb. 82, 595 N.W.2d 233 (1999); *McBee v. Goodyear Tire & Rubber Co., supra*; *Hemmerling v. Happy Cab Co.*, 247 Neb. 919, 530 N.W.2d 916 (1995); *Varela v. Fisher Roofing Co.*, 5 Neb. App. 722, 567 N.W.2d 569 (1997), *aff'd* 253 Neb. 667, 572 N.W.2d 780 (1998). The findings of fact made by a Workers' Compensation Court trial judge are not to be disturbed upon appeal to a Workers' Compensation Court review panel unless they are clearly wrong on the evidence or the decision was contrary to law. *McBee v. Goodyear Tire & Rubber Co., supra*. See, also, *Larson v. Hometown Communications, Inc.*, 3 Neb. App. 367, 526 N.W.2d 691 (1995), *aff'd* 248 Neb. 942, 540 N.W.2d 339. We believe that there was sufficient competent evidence to support the finding made by the trial judge. As such, the trial judge was not clearly wrong in his finding, and the review panel's decision exceeded its authority.

In Pepsi's appeal to the review panel, it also alleged as error the trial judge's allowance of Mendoza's amendment to his petition to change the date of injury to January 5, 1997. The review panel's decision does not address that issue, although a concurring opinion expressed strong views on the topic. Pepsi did not cross-appeal, and therefore the issue is not properly before us. We note, however, that the compensation court is not bound by the technical rules of procedure and variance between pleadings and that proof is not material unless the other party is misled or

discredits the claimant as a matter of law. See *Hayes v. A.M. Cohron, Inc.*, 224 Neb. 579, 400 N.W.2d 244 (1987).

## CONCLUSION

Viewing the evidence in a light most favorable to Mendoza, we find that there is sufficient competent evidence to support the trial judge's finding that he was injured in the course of his employment at Pepsi on or about January 5, 1997. We therefore reverse the review panel's order, as its decision exceeded the scope of its review, see § 48-185, and remand with direction to reinstate the award of the trial judge.

REVERSED AND REMANDED WITH DIRECTION.