774 N.W.2d 761 (2009)
17 Neb. App. 708
Ashley ADAMS, appellee,
v.
CARGILL MEAT SOLUTIONS, appellant.
No. A-08-975.
Court of Appeals of Nebraska.
June 23, 2009.
*762 James D. Hamilton and Amanda A. Dutton, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., Lincoln, for appellant.
Jon Rehm, of Rehm, Bennett & Moore, P.C., L.L.O., Lincoln, for appellee.
IRWIN, CARLSON, and MOORE, Judges.
IRWIN, Judge.

I. INTRODUCTION
Cargill Meat Solutions (Cargill) appeals an order of a three-judge review panel for the Nebraska Workers' Compensation Court. Cargill argues that the review panel erred in affirming the trial court's determination that Ashley Adams was entitled to certain benefits as a result of her work-related injury. Specifically, Cargill argues that the trial court's award of future medical expenses to Adams was not supported by sufficient evidence.
Upon our review, we find that Adams failed to present sufficient evidence to prove that future medical treatment will be reasonably necessary to relieve the effects of her work-related injury. As such, we find that the review panel erred in affirming the trial court's award of future medical expenses. We reverse, and remand to the review panel with directions to reverse the award of future medical expenses and remand the matter to the trial court to modify the award in accordance with this opinion.

II. BACKGROUND
On March 18, 2005, Adams was working at Cargill as a scale operator when several boxes fell off of a pallet and hit her. As a result of this incident, Adams suffered injuries to the right side of her back.
On December 7, 2006, Adams filed a petition alleging that she had been injured in the scope and course of her employment with Cargill. She indicated that she injured her "lower right back" and that she continues to experience pain in her back and pain and numbness in her right leg. Adams requested temporary disability benefits; permanent disability benefits; payment of medical expenses; vocational rehabilitation benefits; and waiting-time penalties, attorney fees, and interest.
On December 22, 2006, Cargill filed an answer. Cargill alleged that if Adams suffered any disability, it did not arise out of or in the course of her employment at Cargill. Cargill stated that payments had been made to Adams for all medical, surgical, and hospital expenses and for all compensation benefits to which Adams was entitled.
On September 18, 2007, a trial was held. Prior to the admission of evidence, the parties informed the trial court that they would stipulate that on March 18, 2005, Adams did sustain an accident arising out of and in the course and scope of her employment with Cargill. The parties then presented evidence concerning Adams' medical treatment since the time of the accident, the degree of Adams' impairment, and the cause of Adams' ongoing pain.
On December 7, 2007, the trial court entered an award of benefits. The court *763 found that Adams suffered a "chronic sprain of her lower back" as a result of her work-related accident. The court also found that Adams sustained a 5-percent loss of earning power as a result of the accident and ordered Cargill to pay Adams permanent disability benefits. The court also ordered Cargill to pay Adams for medical expenses she had incurred prior to the time of trial and for future medical expenses.
In awarding Adams payment for future medical expenses, the trial court noted: "[A] review of the evidence indicates that [Adams] has carried her burden of proof and persuasion and is, thus, entitled to such an award. Specifically the Court relies upon the fact that [Adams] continues to take various prescription medications for her ongoing back pain."
On December 21, 2007, Cargill filed an application for review before a three-judge review panel of the Nebraska Workers' Compensation Court, seeking a reversal of the trial court's award. Cargill alleged, among other things, that the trial court erred in finding that Adams was entitled to an award of future medical expenses.
In its August 19, 2008, order, the review panel affirmed the trial court's award of future medical expenses. The panel pointed to evidence in the record which suggested that Adams continued to take medication for her back injury at the time of the trial. The panel then concluded:
Because that medication is a prescription medication, [the trial court] inferred that at least one of [Adams'] physicians was continuing to prescribe it for her and [the trial court] also inferred from [Adams'] continued use of the medication that it would continue into the future. The review panel believes that such an inference is permissible and the finding of an entitlement to future medical care may be made without specific expert testimony on the subject.
Cargill appeals from the order of the review panel here.

III. ASSIGNMENT OF ERROR
On appeal, Cargill argues that the review panel erred in affirming the trial court's award of payment for future medical expenses associated with Adams' work-related injury.

IV. STANDARD OF REVIEW
An appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment or award; or (4) the findings of fact by the compensation court do not support the order or award. Cruz-Morales v. Swift Beef Co., 275 Neb. 407, 746 N.W.2d 698 (2008).
On appellate review, the factual findings made by the trial judge of the Workers' Compensation Court have the effect of a jury verdict and will not be disturbed unless clearly wrong. Money v. Tyrrell Flowers, 275 Neb. 602, 748 N.W.2d 49 (2008).

V. ANALYSIS
The trial court awarded Adams payment for future medical expenses associated with her work-related injury. The court indicated that in awarding payment of future medical expenses, it relied upon evidence that Adams "continues to take various prescription medications for her ongoing back pain" and a medical report which stated that Adams "has been taking... medications." On appeal, Cargill argues that this evidence is insufficient to *764 establish that future medical treatment will be reasonably necessary to relieve the effects of Adams' work-related back injury. We agree.
Neb.Rev.Stat. § 48-120(1)(a) (Cum. Supp.2008) authorizes an award of future medical expenses, including necessary medication. Section 48-120(1)(a) provides, "The employer is liable for all reasonable, medical, surgical, and hospital services, including... medicines as and when needed, which are required by the nature of the injury and which will relieve pain or promote and hasten the employee's restoration to health and employment ...."
In construing § 48-120(1)(a), the Nebraska Supreme Court has emphasized that before an order for future medical benefits may be entered, there should be a stipulation of the parties or evidence in the record to support a determination that future medical treatment will be reasonably necessary to relieve the injured worker from the effects of the work-related injury. See Foote v. O'Neill Packing, 262 Neb. 467, 632 N.W.2d 313 (2001).
In this case, the parties did not stipulate to an award of future medical expenses. As such, there must be evidence in the record to support the trial court's determination that future medical treatment will be reasonably necessary to relieve the effects of Adams' back injury. Upon our review of the record, we find insufficient evidence to support the trial court's award of future medical expenses to Adams.
At trial, there was no evidence presented to demonstrate that Adams' back injury required any future medical treatment. Adams' medical records indicate that her treating doctors could provide no further treatment options.
Dr. Phillip Essay, who was employed at Nebraska Pain Consultants, began treating Adams in December 2005. Dr. Essay conducted numerous tests on Adams' back, including an MRI and a CT scan. Additionally, Dr. Essay provided Adams with multiple pain medications, treatments, and referrals to physical therapy. Medical records from Dr. Essay's office indicate that Adams last visited the clinic in March 2007. Dr. Essay's notes from this last visit indicate that Adams' "pain and symptoms are described as severe and yet I have no explanation for them." Dr. Essay stated his belief that a neurologic disorder should be ruled out, but "[o]therwise, at this time I don't know what else to do for her either from a diagnostic or therapeutic standpoint."
Adams saw Dr. Lewiston Birkmann, a neurologist, in late March 2007. During this visit, Dr. Birkmann recommended that Adams undergo additional x rays and scans. He indicated that if the scans were negative, "then I probably do not have much else to offer." Evidence in the record reveals that the additional scans and x rays recommended by Dr. Birkmann were completed in April 2007. The results were negative.
Dr. Rajesh Kumar conducted an independent medical examination of Adams in May 2007. Dr. Kumar found that Adams had reached maximum medical improvement by the time of his appointment with her. He noted that she has "a permanent partial disability of 1% because of her back pain and restriction of spine motion." He also noted that Adams is allowed to do all physical activities as tolerated. Dr. Kumar did not provide any indication that Adams would require any future medical treatment for her injury.
At trial, Adams testified that she was currently taking prescription medication for her back pain. She did not provide any other testimony concerning the necessity *765 of future medical treatment. She did not testify as to whether or how long she would have to continue to take the prescription medication, and she did not testify that she would have to continue regular treatment with any of her physicians. Additionally, Adams did not testify that her pain medication was effective in treating her injury. Rather, Adams testified that despite the pain medication she was taking, her back was "sore" at the time of trial. She also indicated that she continued to be unable to complete basic household duties because of her ongoing pain, and she testified that her "pain has increased from the day I got hurt." Adams' medical records reveal that no medication or treatment had ever completely relieved Adams of her pain.
The evidence does not support the trial court's determination that Adams required further medical treatment for her back injury. In awarding future medical expenses, the trial court relied on Adams' testimony that she was taking medication at the time of trial and notations in Adams' medical records indicating her history of taking prescription pain medication. Evidence that Adams currently takes pain medication or that she has a history of taking such medication is not enough to demonstrate that she requires future medical treatment to relieve the effects of her injury. As such, the trial court's finding that Adams "carried her burden of proof and persuasion" as to an award of future medical expenses is not supported by sufficient evidence.
The review panel affirmed the trial court's award of future medical expenses after concluding that the evidence presented at trial was sufficient to support an "inference" that Adams will continue to take pain medication after the time of trial. Such an inference is simply not supported by the evidence in the record. There is no evidence that Adams intends to continue to take her prescription pain medication. In fact, there is no indication that Adams finds the medication to be beneficial. She testified that even when she took the medication, she was in constant pain and she could not complete basic daily tasks. In addition, she testified that her pain had increased, rather than decreased, since the time of the accident.
Simply stated, an award of future medical expenses requires explicit evidence that future medical treatment is reasonably necessary to relieve the injured worker from the effects of the work-related injury. Here, there is no evidence that Adams requires any future medical treatment or that future medical treatment would be in any way beneficial in relieving the effects of her back injury.
Because there is no evidence to support the trial court's finding that future medical treatment will be reasonably necessary to relieve the effects of Adams' back injury, we find that the trial court erred in awarding to Adams future medical expenses incurred as a result of her work-related injury. Accordingly, we conclude that the review panel erred in affirming the trial court's award.

VI. CONCLUSION
We find that Adams failed to present sufficient evidence to prove that future medical treatment will be reasonably necessary to relieve the effects of her work-related injury. For this reason, we conclude that the review panel erred in affirming the trial court's award of future medical expenses. We reverse, and remand to the review panel with directions to reverse the award of future medical expenses and remand the matter to the *766 trial court to modify the award in accordance with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.