IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

SARAVIA V. HORMEL FOODS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

NOEL S. SANTOS SARAVIA, APPELLEE,
V.
HORMEL FOODS, APPELLANT.

Filed December 2, 2014.    No. A-14-073.

Appeal from the Workers' Compensation Court: J. MICHAEL FITZGERALD, Judge. Reversed and remanded with directions.

Jenny L. Panko, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellant.

No appearance for appellee.

IRWIN, INBODY, and PIRTLE, Judges.

PIRTLE, Judge.

## INTRODUCTION

Hormel Foods appeals from an order of the Nebraska Workers' Compensation Court, which found that Noel S. Santos Saravia sustained an injury to his right shoulder and neck as a result of a work accident, ordered Hormel Foods to pay for certain past medical bills for the neck and shoulder injuries, and awarded Saravia future medical care for such injuries. Hormel Foods challenges the court's finding that Saravia sustained an injury to his right shoulder as a result of the accident, ordering it to pay for certain past medical bills, awarding future medical care for the neck and shoulder conditions, and denying its "Motion to Modify or Change Award." Based on the reasons that follow, we reverse, and remand with directions.

## BACKGROUND

On May 16, 2012, Saravia filed a petition in the Nebraska Workers' Compensation Court against Hormel Foods seeking workers' compensation benefits as a result of injuries he sustained

- 1 -

in an accident arising out of and in the course of his employment with Hormel Foods on August 16, 2008.

Hormel Foods filed an answer denying certain allegations in the petition, but admitting that Saravia sustained an injury to his neck as a result of the August 16, 2008, accident. Hormel Foods alleged that it had paid all medical expenses and compensation benefits to which he may be entitled.

Trial was held in September 2012. Saravia claimed that he sustained an injury to his neck and developed bilateral carpal tunnel syndrome (CTS) as a result of a pallet hitting him in the back of the head while working for Hormel Foods. The parties stipulated that Saravia sustained an injury to his neck as a result of the accident and that he was not entitled to any temporary benefits due to the neck injury. Further, Saravia's counsel stated at trial that Saravia sustained no permanent impairment or restrictions as a result of the neck injury. The parties also stipulated that Saravia was not entitled to vocational rehabilitation benefits.

Hormel Foods disputed Saravia's claim that he sustained bilateral CTS as a result of the August 16, 2008, accident, and that was the primary issue at trial.

Following trial, the court entered an award on November 21, 2013, finding that Saravia failed to prove that the bilateral CTS was caused by the August 2008 accident, and denied his claim for benefits relating to the CTS claim. However, the trial court found that Saravia suffered a "neck and shoulder injury" as a result of the August 2008 accident and ordered Hormel Foods to pay for treatment of the neck and shoulder injury. The court further ordered that the issue of Hormel Food's liability for certain medical bills would be set for a future hearing.

Hormel Foods filed a "Motion to Modify or Change Award" on November 26, 2013, asking the court to modify or change its award to conform to the evidence that Saravia sustained only an injury to his neck as a result of the August 2008 accident, because there was no evidence that he sustained any injury to his shoulder as a result of the accident. Hormel Foods further asserted that the trial court should modify or change the award to clarify its statement that Hormel Foods "is to pay for treatment of the neck and shoulder injury." The trial court did not specify if "treatment" referred to past treatment only or encompassed future treatment as well. Hormel Foods contended that "treatment" should refer only to past medical treatment, because there was no evidence to support an award of future medical treatment for any condition.

Following a hearing on Hormel Food's "Motion to Modify or Change Award," the trial court entered an order denying the motion. The trial court stated that its finding that Saravia sustained a right shoulder injury was proper because the medical records showed that a pallet fell on Saravia's neck and right shoulder and that "[a]lmost every doctor who treated [Saravia] stated that [he] had pain in his neck and/or shoulders." The court further stated, "While most, if not all, of the treatment was to the neck the purpose of the treatment was to relieve the pain in both the neck and shoulder."

In regard to whether the court's award of "treatment" for the neck and shoulder injury included future medical care, the court held that it did and explained:

> [Hormel Foods] is only liable for future medical care which is reasonable and is required by the nature of the injury. [Saravia] must prove that the medical treatment he seeks is necessary to treat the injury on August 16, 2008. The issue on whether or not the treatment is reasonable and is required by the nature of the injury on August 16, 2008,

cannot be decided at this time but rather must be decided at the time there is a dispute as to whether or not recommended treatment is reasonable and required by the nature of the injury on August 16, 2008.

On December 30, 2013, a hearing was held on the issue of Hormel Food's liability for certain past medical bills. There were five unpaid bills that related to treatment of Saravia's neck and shoulder injury. Hormel Foods objected to the payment of those medical bills because there was no medical evidence connecting the treatment that resulted in the bills to the August 2008 accident. Following the hearing, the trial court ordered Hormel Foods to pay the five medical bills.

## ASSIGNMENTS OF ERROR

Hormel Foods assigns that the trial court erred in (1) finding that Saravia sustained an injury to his right shoulder as a result of the August 16, 2008, accident; (2) ordering it to pay for certain past medical bills; (3) awarding future medical care for the neck and right shoulder injuries; and (4) denying its "Motion to Modify or Change Award."

## STANDARD OF REVIEW

A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Kim v. Gen-X Clothing*, 287 Neb. 927, 845 N.W.2d 265 (2014). In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court, the findings of fact of the trial judge will not be disturbed on appeal unless clearly wrong. *Id.*

In testing the sufficiency of the evidence to support the findings of fact in a workers' compensation case, every controverted fact must be resolved in favor of the successful party and the successful party will have the benefit of every inference that is reasonably deducible from the evidence. *Id.*

## ANALYSIS

*Injury to Right Shoulder.*

Hormel Foods first assigns that the trial court erred in finding that Saravia sustained an injury to his right shoulder as a result of the August 2008 accident. It argues that Saravia failed to produce any medical causation evidence linking a right shoulder injury to the accident.

A workers' compensation claimant bears the burden of establishing a causal relationship between the alleged injuries and his or her employment. *Armstrong v. Watkins Concrete Block*, 12 Neb. App. 729, 685 N.W.2d 495 (2004). While the Nebraska Workers' Compensation Act is liberally construed to accomplish the beneficent purposes of the act, it remains the burden of the employee to establish a causal relationship between the alleged injury and his or her employment. *Mendoza v. Pepsi Cola Bottling Co.*, 8 Neb. App. 778, 603 N.W.2d 156 (1999). Unless the injury is objective and plainly apparent, the worker must present legally competent medical testimony regarding that causal relationship and any claimed disability. *Frank v. A & L*

*Insulation*, 256 Neb. 898, 594 N.W.2d 586 (1999). Medical evidence must be sufficiently definite and certain, and an award cannot be based on mere speculation or conjecture. *Hohnstein v. W.C. Frank*, 237 Neb. 974, 468 N.W.2d 597 (1991).

While the parties stipulated that Saravia sustained a neck injury as a result of the accident, there was no such stipulation regarding a right shoulder injury. Therefore, in order for a right shoulder injury to be compensable, Saravia had to prove that he had a shoulder injury and that the injury was caused by the accident. Saravia never claimed any injury to his shoulder, and such injury was not an issue at trial. Rather, the entire focus of the trial was whether the bilateral CTS was caused by the August 2008 accident.

In finding that Saravia sustained a right shoulder injury, the trial court did not point to any medical causation evidence in support of its award. Rather, the trial court stated that Saravia's medical records show that a pallet fell on his neck and right shoulder and that he complained of pain in his neck and shoulders.

The medical records referenced by the trial court are simply historical statements made by Saravia to doctors who were treating him. Such medical history statements do not establish causation. See *Lounnaphanh v. Monfort, Inc.*, 7 Neb. App. 452, 583 N.W.2d 783 (1998) (in workers' compensation case, medical history contained in medical records does not establish causation). The fact that the medical records state Saravia reported he had shoulder pain following the August 2008 accident, does not establish Saravia had a shoulder injury that was caused by the accident.

The record contains no medical testimony to establish Saravia suffered a right shoulder injury, and as previously stated, Saravia was not claiming he had such an injury. In addition, there is no medical evidence to establish a causal relationship between a right shoulder injury and the August 2008 accident. Thus, the trial court erred in finding that Saravia suffered a shoulder injury, and this finding must be reversed.

*Past Medical Bills.*

Hormel Foods next assigns that the trial court erred in ordering it to pay for certain medical bills when there was no evidence to support a conclusion that the care was necessitated by Saravia's work-related injury. The trial court ordered Hormel Foods to pay three bills from Dr. Elvira Rios and two bills from Dr. Wesley Smeal. The bills from Dr. Rios related to treatment for neck pain and were from visits on November 11, 2011, and January 6 and 30, 2012. The bills from Dr. Smeal related to treatment for neck and shoulder pain and were from visits on December 18, 2012, and January 23, 2013. Neither Dr. Rios nor Dr. Smeal provided any opinion that the treatment provided on the dates of the bills was related to the August 2008 accident. However, there was medical testimony from another doctor, Dr. James Devney, that the medical bills were not related to the accident.

Dr. Devney had treated Saravia for neck pain following the August 2008 accident. He released Saravia from care on August 15, 2011. Saravia later sought medical care from Drs. Rios and Smeal for neck pain. Dr. Devney reviewed Saravia's medical records before and after the time he treated Saravia, including the care provided by Drs. Rios and Smeal. Dr. Devney opined that any treatment for the neck after August 15, 2011, was not causally related to the August 2008 accident.

Saravia presented no evidence to dispute Dr. Devney's opinion. He presented no evidence that any of the treatment he received for the neck after August 15, 2011, including the treatment from Drs. Rios and Smeal, was causally related to the August 2008 accident. He only presented records showing that treatment was provided and the associated bills. Such is not sufficient to establish that the need for this care was related to and necessitated by the August 2008 accident.

All of the bills the trial court ordered Hormel Foods to pay related to treatment that occurred after August 15, 2011. There was undisputed evidence that any treatment for Saravia's neck after August 15, 2011, was not causally related to the August 2008 accident. Thus, we conclude that the trial court erred in ordering Hormel Foods to pay the medical bills of Drs. Rios and Smeal at issue.

*Future Medical Care.*

Hormel Foods also assigns that the trial court erred in awarding future medical care for Saravia's neck and right shoulder conditions because there was no evidence to show a need for future medical care. We first conclude that based on our determination that the trial court erred in finding that Saravia sustained a right shoulder injury, the trial court also erred in awarding future medical treatment for a right shoulder injury. In regard to Saravia's neck injury, we conclude that there is no evidence to support an award of future medical care.

Neb. Rev. Stat. § 48-120(1)(a) (Cum. Supp. 2014) authorizes an award of future medical expenses. In construing § 48-120(1)(a), the Nebraska appellate courts have emphasized that before an order for future medical benefits may be entered, there should be a stipulation of the parties or evidence in the record to support a determination that future medical treatment will be reasonably necessary to relieve the injured worker from the effects of the work-related injury. *Foote v. O'Neill Packing*, 262 Neb. 467, 632 N.W.2d 313 (2001); *Adams v. Cargill Meat Solutions*, 17 Neb. App. 708, 774 N.W.2d 761 (2009).

In this case, the parties did not stipulate to an award of future medical expenses. Thus, there must be evidence in the record to support a determination that future medical treatment will be reasonably necessary to relieve the effects of Saravia's neck injury.

In *Adams v. Cargill Meat Solutions, supra*, this court held that an award of future medical expenses requires explicit evidence of a need for future medical treatment. In *Adams*, two doctors stated that they had nothing else to offer the plaintiff in the way of treatment and a third doctor did not provide any opinion regarding future care. The only other evidence as to future medical care was the plaintiff's testimony that she took prescription pain medication. This court found that the plaintiff's testimony was insufficient to establish an award of future medical care and stated, "[T]here is no evidence that [the plaintiff] requires any future medical treatment or that future medical treatment would be in any way beneficial in relieving the effects of her back injury." *Adams v. Cargill Meat Solutions*, 17 Neb. App. at 714, 774 N.W.2d at 765.

In the present case, there is no evidence of a need for future medical care. Saravia did not testify as to any ongoing or future medical care in regard to the neck injury, nor did he present any evidence about a need for future medical care. The only evidence in regard to future medical care was found in the opinion of Dr. Devney, who stated:

[T]here has been needless redundancy of treatment that, as expected, has provided little to no sustained benefit. There is clearly no indication for ongoing and endless treatment that has proved futile previously. [Saravia] is not an appropriate candidate for ongoing prescription medication trials, physical therapy or interventional treatments of any sort.

Dr. Devney's opinion supports a conclusion that Saravia does not require any future medical treatment and that future medical treatment would not be beneficial in relieving the effects of his neck injury.

The trial court awarded Saravia future medical care for his neck injury without any evidence that future medical care was reasonably necessary. Accordingly, we conclude that the trial court erred in awarding Saravia future medical care for his neck injury.

*Motion to Modify or Change Award.*

Finally, Hormel Foods assigns that the trial court erred in denying its "Motion to Modify or Change Award." Hormel Foods' motion asked the court to modify its award to reflect that Saravia sustained an injury to only his neck as a result of the accident, and not an injury to his shoulder. Hormel Foods further asked the court to clarify that the treatment Hormel Foods was ordered to pay did not include future medical care. Having found that the trial court erred in finding that Saravia suffered a right shoulder injury and erred in awarding future medical care, we need not address Hormel Foods' final assignment of error. See *Holdsworth v. Greenwood Farmers Co-op*, 286 Neb. 49, 835 N.W.2d 30 (2013) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

CONCLUSION

We conclude the trial court erred in finding that Saravia sustained a right shoulder injury that was caused by the August 2008 work accident. We further conclude the court erred in ordering Hormel Foods to pay certain medical bills, finding that they were necessitated by the work accident, and erred in awarding Saravia future medical care for the neck and shoulder injury. Therefore, we reverse the trial court's award of a right shoulder injury, past medical bills, and future medical care for the neck and shoulder injury, and remand the matter to the trial court with directions to enter an order consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.